**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2012

No. 11-10793

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GUSTAVO OLVERA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Following a conditional guilty plea, Gustavo Olvera appeals the district court's decision not to dismiss a charge of attempted enticement of a child to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). Olvera contends that communications with an adult who was posing as the child's father, without any direct communication with a child, cannot violate that statute. We affirm.

**I**

Olvera was indicted on one count of attempting to persuade, induce, or entice a child to engage in criminal sexual activity and one count of receipt of child pornography. For the purposes of his motion to dismiss the enticement

No. 11-10793

count, he stipulated to the facts alleged in the criminal complaint filed by a federal agent.

The complaint indicated that Olvera exchanged e-mails with an adult, Timothy Whittington, about the two of them and Whittington's eleven-year-old son meeting and "hanging out" nude together. After Whittington's arrest on an unrelated matter, he gave a government agent permission to use his identity to continue communications with Olvera. Olvera explained to the agent posing as Whittington that he wanted to see Whittington and his son naked and to cuddle with the boy. Prompted by the agent for pictures that could "get [the son] in the mood," Olvera said that he had videos of "boys and girls" and sent a picture of his erect penis to show to the child. Olvera also discussed specific sex acts he wished the boy to perform.

Olvera and the agent agreed to meet at an apartment, and the agent suggested bringing personal lubricant and condoms, which Olvera did. When Olvera arrived, the agent arrested him. Olvera admitted that he had intended to have sex with Whittington's son, whom he knew to be eleven years old, and that he sent the picture of his genitals so that Whittington would show it to his son to get the son "in the mood."

Olvera moved to dismiss the enticement count on the basis that he never communicated directly with a child or anyone he believed to be a child, arguing that his conduct thus did not violate the statute. The district court denied the motion, and Olvera pleaded guilty to the enticement count. The plea agreement reserved his right to appeal the decision on the motion to dismiss. He filed a timely notice of appeal.

No. 11-10793

## II

Olvera's appeal asks us to reverse the decision on the motion to dismiss. When a motion to dismiss is based on the interpretation of a federal statute, we review the denial of the motion de novo.[1]

Section 2422(b) states in pertinent part,

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.[2]

To sustain a conviction for attempt, the evidence must show the defendant "(1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step toward its commission."[3]  We have applied this to § 2422(b) by requiring proof that the defendant "intended to 'persuade[ ], induce[ ], entice[ ], or coerce[ ]' a person whom he believed to be a minor into illegal sexual contact and took a substantial step toward that persuasion or enticement."[4] "The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt."[5]

---

[1] *United States v. Coleman*, 609 F.3d 699, 703 (5th Cir. 2010).

[2] 18 U.S.C. § 2422(b).

[3] *United States v. Barlow,* 568 F.3d 215, 219 (5th Cir. 2009) (citing *United States v. Farner*, 251 F.3d 519, 513 (5th Cir. 2001)).

[4] *Id.* (alterations in original).

[5] *Farner*, 251 F.3d at 513.

No. 11-10793

In addition to barring direct contact with a minor for the prohibited purposes, we have held that § 2422(b) applies when a defendant communicates with an adult undercover agent posing as a minor.[6] The question presented by this case is whether an individual can violate the statute solely through communications with an adult whom he knows to be an adult. Though we have yet to address this issue, every other circuit to do so has concluded that such conduct can fall within the statute.[7]

Olvera argues that we should diverge from our sister circuits on this issue. He points out that the object of each verb in the statute is "any individual who has not attained the age of 18 years," so communications intended to persuade an *adult* to grant access to a minor cannot fall within the statute. He further contends that the statute was intended to reach those who *directly* target children to take advantage of their vulnerability and inexperience, so direct contact must be shown in order to constitute a violation.

The record in this case undercuts Olvera's first argument. He is correct that the object of the phrase "persuades, induces, entices, or coerces" is the child. But, though Olvera communicated only with Whittington and the agent posing as Whittington, Olvera directed some of his intended inducements to the son and took substantial steps toward gaining *the son's* assent. He sent a picture of his genitals to show to the child and offered videos to get the child "in the mood."

---

[6] *Id.* (holding that "legal impossibility" defense did not apply and affirming conviction for attempt).

[7] *See United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 1650 (2012); *United States v. Douglas*, 626 F.3d 161, 164-65 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 1024 (2011); *United States v. Nestor*, 574 F.3d 159, 162 (3d Cir. 2009); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007); *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004).

No. 11-10793

He also made clear to the agent the sexual activity he hoped to have with the boy and arranged to meet for that purpose, then arrived at the appointed place and time.

Olvera's argument that the contact with the child must be direct fails. He cites the dissenting opinion in *United States v. Laureys* by Judge Brown of the District of Columbia Circuit, which suggests that "Congress very well could have decided that child victims are more vulnerable to online persuasion, inducement, enticement, and coercion than their adult guardians. The most sensible interpretation of subsection (b) is that Congress targeted the enticement of minors for that very reason."[8] Olvera adds that Congress could view his contact with only an adult as less culpable than that of someone who directly contacted a child.

Judge Brown's observation was in the context of her disagreement with *United States v. Murrell*, an Eleventh Circuit case that upheld the conviction of a defendant who attempted to convince *an adult* to cause a child to engage in sexual conduct.[9] But Judge Brown also pointed out that the other circuit court cases on the issue "have required proof the defendant attempted to cause assent on the part of a minor, not the adult intermediary," that is, "the defendant's communication with an adult was either a vehicle through which the defendant attempted to obtain the child's assent, or a substantial step toward persuasive communication with the child herself."[10] Olvera's case fits squarely in this latter

---

[8] 653 F.3d 27, 42 (D.C. Cir. 2011) (Brown, J., dissenting).

[9] *Id.* at 39 (citing *Murrell*, 368 F.3d at 1287).

[10] *Id.* at 39-40 (footnote omitted) (summarizing cases); *see, e.g, United States v. Lee*, 603 F.3d 904, 914-15 (11th Cir. 2010) ("We will uphold Lee's conviction if a reasonable jury could

No. 11-10793

category, as he took actions directed toward obtaining the *child's* assent through an intermediary, not simply the assent of the father.  As a result, we need not address the situation present in *Murrell* to decide this case.  Olvera's communications sending a photo and videos that he intended the intermediary to show to the child constituted an attempt to entice a child within the meaning of the statute.

Olvera also argues that the legislative history of the provision indicates that Congress intended the statute to reach only direct communications with children.  Because we conclude that the plain language of the statute unambiguously encompasses Olvera's conduct, and because nothing in the statute suggests any intent to exclude attempts to entice a child through an adult intermediary, we need not delve into this argument.[11]

**\*     \*     \***

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

have found that Lee intended to cause Candi's [minor] daughters to assent to sexual contact with him and that Lee took a substantial step toward causing that assent.").

[11] *See Tidewater Inc. v. United States*, 565 F.3d 299, 303 (5th Cir. 2009) ("When the plain language of a statute is unambiguous, there is no need to resort to legislative history for aid in its interpretation.").