# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2013

No. 12-10292

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOHNATHON C. CAUDILL,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Johnathon C. Caudill (Caudill) appeals his conviction under 18 U.S.C. § 2422(b) for attempting to persuade, induce, or entice individuals whom he believed were eleven and thirteen years old to engage in sexual activity for which a person could be criminally charged under a Texas aggravated sexual assault statute.[1]  Caudill contends that he made no attempt to communicate directly or indirectly with a child and that § 2422(b) does not encompass his communications with an adult posing as the caretaker of two children.  We affirm.

---

[1] TEX. PENAL CODE § 22.021.

**I**

Caudill was indicted for using the Internet to attempt to persuade, induce, and entice individuals whom he believed to be eleven and thirteen years old to engage in sexual activity. Caudill filed a motion to dismiss the indictment, which was denied. Following his conviction, Caudill appeals, having stipulated to the facts presented below.

An undercover Fort Worth police officer posted an Internet advertisement on Craigslist, which stated:

> while there mommmas away these girls will play. My girlfriend is out of town her daughters are ready to play with you. Be one of the first for thes little girls. $young $$ younger Reply to this ad for contact info.

Within twenty minutes after the ad was posted, Caudill responded by emailing a picture of himself and of his erect penis to the officer. He requested pictures of the girls and asked if the officer wanted money for access to the girls. The officer sent images of two clothed minor girls back to Caudill and told Caudill that the children were eleven and thirteen. Caudill then asked whether the girls would engage in sexual intercourse and deviate sexual intercourse, to which the officer replied that they would perform various sexual acts with Caudill. Caudill responded that he would use a condom and that he wanted the girls to wear diapers during the sessions of sexual intercourse and deviate sexual intercourse. This online conversation culminated in an arrangement that Caudill would pay one hundred dollars in exchange for the officer providing the two girls, who would then perform sexual acts with Caudill. That evening, Caudill drove to the designated hotel but left when the officer failed to respond to text messages. Caudill was arrested shortly thereafter, and the police found condoms, a $100 bill, and diapers in his vehicle.

After waiving his Miranda rights, Caudill confirmed that he had used the Internet and his cell phone to contact the undercover officer. He also stated that

No. 12-10292

it was his intent to have sexual intercourse and deviate sexual intercourse with minor children when he left his residence and entered the hotel parking lot. The Government does not dispute that Caudill at all times thought he was communicating with an adult, the undercover officer.

A federal grand jury returned an indictment charging Caudill with violating 18 U.S.C. § 2422(b). Caudill filed a motion to dismiss the indictment, arguing that "the undisputed facts underlying this indictment fail to trigger liability under Section 2422(b) as a matter of law." The district court denied the motion without written opinion. Caudill then pleaded guilty but reserved the right to appeal the ruling on his motion. The district court sentenced Caudill to 180 months of imprisonment, and this timely appeal followed.

## II

Caudill seeks to reverse the decision on the motion to dismiss. "When a motion to dismiss is based on the interpretation of a federal statute, we review the denial of the motion de novo."[2]

Section 2422(b) states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined [and imprisoned].

We have previously clarified that to obtain a conviction for attempted persuasion, inducement, enticement, or coercion under § 2422(b), the statute does not require that the defendant bring about or attempt sexual contact; only that he persuade, induce, entice, coerce, or attempt to persuade, induce, entice,

---

[2] *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012) (per curiam).

No. 12-10292

or coerce a minor to engage in such contact.[3]  More recently, this court held in *United States v. Olvera*[4] that a defendant can also violate the statute solely through communications with an adult whom he knows to be an adult if he directs "some of his intended inducements to the [child]."[5]  Caudill correctly asserts, however, that he did not seek to have any of his communications with the adult passed on directly to a child.  The question on appeal, therefore, is whether this distinction removes Caudill's conduct from the scope of § 2422(b).

We expressly reserved judgment on this issue in *Olvera*.[6]  We now conclude that Caudill's conduct is proscribed by § 2422(b).  He used a means of interstate commerce in a knowing *attempt* to persuade, induce, or entice individuals whom he believed to be under the age of 18 to engage in sexual activity with him.  Caudill argues that he never attempted to persuade, induce or entice a minor and that, "as far as [he] knew, the children had already assented to the conduct."  We find this argument unavailing.  Even if the "girls" that the officer described to Caudill could theoretically assent to sexual activity as a general proposition, they could not assent to sexual activity *with Caudill* until they were aware of his existence and desire or intent to have sexual contact with them.  Whether Caudill intended to persuade, induce, or entice them to have sexual contact when he met them at the hotel or he intended for the adult intermediary to persuade, induce, or entice them to have sexual contact with Caudill before he actually appeared at the hotel, Caudill's conduct violated § 2422(b).  He used the Internet in an attempt to arrange direct contact so that he could persuade, induce, or entice minor children to engage in sexual

---

[3] *United States v. Barlow*, 568 F.3d 215, 219 n.10 (5th Cir. 2009).

[4] 687 F.3d 645 (5th Cir. 2012) (per curiam).

[5] *Id.* at 647-48.

[6] *Id.* at 648.

4

intercourse, or he used the Internet in an attempt to have an adult intermediary persuade, induce, or entice minors to have sexual relations with Caudill.

Five other circuits have affirmed convictions for conduct similar to that of Caudill.[7]  These courts all held that § 2422(b) was intended to capture conduct that indirectly secured a child's assent to unlawful sexual activity through an adult intermediary.  As the Second, Eighth, and Eleventh Circuits particularly noted: "[T]he efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective."[8]

Caudill's contention that § 2422(b) requires a defendant to communicate with the child rests on the fact that "the minor is the direct object of the verbs in § 2422(b)."  Though we agreed in *Olvera* that a defendant's acts must target a child, the terms "persuade," "induce," "entice," or "coerce" do not require that there be communication between a perpetrator and a child or that a perpetrator must request an intermediary to convey the perpetrator's communications to a minor.  In *United States v. Murrell*,[9] the Eleventh Circuit held that by negotiating with the purported father of a minor, the defendant had "attempted to stimulate or cause the minor to engage in sexual activity with him."[10]  In *United States v. Nestor*,[11] the Third Circuit was unconvinced that "persuasion, so defined, require[d] direct communication" since "businesses and individuals

---

[7] *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 1650 (2012); *United States v. Douglas*, 626 F.3d 161, 164-65 (2d Cir. 2010) (per curiam); *United States v. Nestor*, 574 F.3d 159, 162 (3d Cir. 2009); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007); *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004).

[8] *Douglas*, 626 F.3d at 165 (quoting *Murrell*, 368 F.3d at 1287); *Spurlock*, 495 F.3d at 1014 (quoting *Murrell*, 368 F.3d at 1287); *Murrell*, 368 F.3d at 1287.

[9] 368 F.3d 1283 (11th Cir. 2004).

[10] *Id.* at 1287.

[11] 574 F.3d 159 (3d Cir. 2009).

No. 12-10292

regularly [sought] to persuade others through advertising intermediaries and negotiating agents."[12]  Similarly, in *United States v. Spurlock*,[13] the Eighth Circuit held that the defendant's conversations with the purported mother of minor girls constituted an attempt "to *persuade* those two girls through their mother to engage in sexual acts" since he was relying on the mother's "influence and control over her daughters."[14]  We join our sister circuits in holding that a defendant who communicates solely with an adult intermediary can be held to violate § 2422(b).

Caudill demonstrated sufficient intent to persuade, induce, or entice a minor in violation of § 2422(b) in his emails to the undercover police officer. Over the course of this online exchange, Caudill sought confirmation that the girls would engage in sexual intercourse and deviate sexual intercourse and agreed to pay their caretaker one hundred dollars to take them to a hotel for the contemplated encounter.  Even though Caudill did not attempt to communicate with a child in any way, the stipulated facts make abundantly clear that he anticipated the girls' adult guardian would lead them to submit to sexual activity with Caudill.  The district court did not err in denying Caudill's motion to dismiss the indictment.

*          *          *

The judgment of the district court is AFFIRMED.

---

[12] *Nestor*, 574 F.3d at 162 n.4.

[13] 495 F.3d 1011 (8th Cir. 2007).

[14] *Spurlock*, 495 F.3d at 1014 (emphasis added).

6