# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PERRY JOE WICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-24-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Perry Joe Wicks appeals his guilty plea conviction of violating 18 U.S.C. § 2422(b) by using interstate commerce to knowingly attempt to persuade, induce, and entice a minor to engage in sexual activity. Wicks expressly denied having any communication with a minor but admitted that he had email communications with an adult in an attempt to persuade the adult to provide Wicks with a minor for sexual activity. To demonstrate a factual basis for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40097

Wicks's plea, the Government introduced emails between Wicks and an undercover detective who posed as an adult intermediary who would provide Wicks with a 14-year-old girl for sexual activity at a hotel in exchange for $ 100. The arrangement was made, and Wicks was arrested at the hotel.

First, Wicks contends that his plea was not voluntary and knowing because he pleaded with the belief that he could present new forensic evidence on appeal regarding his computer and cellular phone. He asserts that he was misled at his rearraignment hearing by statements made by the district court and the Government that promised such an opportunity.

We review this argument for plain error only because it is raised for the first time on appeal. *See United States v. Hughes*, 726 F.3d 656, 659 (5th Cir. 2013). A guilty plea involves the waiver of several constitutional rights and must be made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). A guilty plea is involuntary where it was induced by deception, misrepresentation, or an unfulfillable promise. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

Wicks was not told that he could present additional evidence on appeal. Instead, the Government stated at his rearraignment hearing merely that his computer and cellular phone would not be destroyed upon forfeiture and would be available in the event of an appeal. In pleading guilty, Wicks stated that he understood he was waiving his right to a trial, including his right to cross-examine the Government's witnesses, present his own witnesses, and require the Government to prove its case beyond a reasonable doubt. His stated willingness to waive those rights carries a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Wicks has not shown any error, much less plain error, on this issue.

No. 13-40097

Second, Wicks contends that the district court erred in denying his motion to withdraw his plea and not granting him a judgment of acquittal. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *Hughes*, 726 F.3d at 659. After a district court has accepted a guilty plea, it may grant a motion to withdraw the plea before the defendant is sentenced if the defendant shows "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In determining whether the defendant has met this burden, a court considers whether (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant delayed in filing the motion to withdraw, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The district court found that the first and fourth factors weighed in Wicks's favor while the other five factors weighed against him. Wicks does not brief any argument challenging the district court's analysis of the five factors that were counted against him. He has thus waived any such argument. *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002). Instead, Wicks contends that the district court erred in denying his motion to withdraw his plea because the factual basis for his plea was insufficient to prove a § 2422(b) offense. He argues that a § 2422(b) conviction requires at least an attempt to communicate with a minor, even if only indirectly via an adult intermediary.

Wicks's argument is unavailing. "[A] defendant who communicates solely with an adult intermediary can be held to violate § 2422(b)." *United States v. Caudill*, 709 F.3d 444, 447 (5th Cir.), *cert. denied*, 133 S. Ct. 2871 (2013). Wicks attempts to distinguish *Caudill* on the ground that the

3

defendant in *Caudill* sought confirmation that the minor would engage in sexual activity whereas Wicks did not admit to seeking any such confirmation when he pleaded guilty.  Contrary to Wicks's contention, the emails introduced by the Government, without objection by Wicks, show that he asked the adult intermediary whether the minor would engage in various sexual acts. Furthermore, Wicks's online communication with the adult intermediary to arrange a sexual encounter with a minor was sufficient to violate § 2422(b) "[w]hether [Wicks] intended to persuade, induce, or entice [the minor] to have sexual contact when he met [her] at the hotel or he intended for the adult intermediary to persuade, induce, or entice [her] to have sexual contact with [Wicks] before he actually appeared at the hotel." *Caudill*, 709 F.3d at 446. Wicks has not shown that the factual basis for his guilty plea was insufficient.

Last, Wicks complains that his trial counsel failed to conduct a forensic analysis of Wicks's computer and did not inform Wicks that the court had authorized $ 2,400 for the defense to obtain such an analysis.  To the extent Wicks is raising any claims that his trial counsel provided ineffective assistance, we decline to consider the claims without prejudice to collateral review because they were not raised in the district court and the record is not sufficiently developed to allow them to be fairly evaluated. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.