# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50908
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ERNESTO MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-315-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David Ernesto Martinez was convicted by a jury of violating 18 U.S.C. § 2422(b). On appeal, Martinez challenges the sufficiency of the evidence. In reviewing the evidence for sufficiency, we examine "all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Harris*, 740 F.3d 956, 962 (5th Cir.), *cert. denied*, 135 S. Ct. 54 (2014) (internal quotation marks and citation omitted).  "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."  *United States v. Lewis*, 774 F.3d 837, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).

To support a conviction under § 2422(b), the government must prove that (1) the defendant used a facility of interstate commerce to commit the offense; (2) the defendant was aware that the victim was younger than eighteen; (3) by engaging in sexual activity with the victim, the defendant could have been charged with a criminal offense under state law; and (4) the defendant knowingly persuaded, induced, enticed, or coerced the victim to engage in criminal sexual activity.  *See United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014).  "To sustain a conviction for an attempt, the evidence must show that the defendant (1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step towards its commission."  *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012) (internal quotation marks and footnote omitted).

Martinez communicated with law enforcement agents posing as a 16-year-old girl named Whitney.  He notes that he initially offered only to give Whitney a massage, and he points out that his subsequent and more detailed text-messaged descriptions were given only in response to Whitney's repeated questions as to "what else" he would do.  He argues that the statements made in response to Whitney's queries are insufficient to prove that he was attempting to persuade, induce, entice, or coerce Whitney to engage in sexual activity.  Martinez also contends that the acts discussed in the communications with Whitney are insufficient to show that conduct criminalized under Texas

law was contemplated. Martinez does not contest the sufficiency of the evidence as to his use of a facility of interstate commerce, his awareness of the age of the intended victim, or his taking a substantial step toward commission of the offense, so we need not address the sufficiency of the evidence as to these elements. *See Rounds*, 749 F.3d at 333 n.4.

"Whether there was inducement, persuasion, or enticement is a question of fact for the jury to decide. All we must decide is whether or not enough evidence was presented for a reasonable jury to come to the conclusion that there was some form of inducement." *United States v. Lundy*, 676 F.3d 444, 450 (5th Cir. 2012). "Evidence can establish that a defendant intended to induce, persuade, entice, or coerce a minor by sending the minor sexually explicit messages." *Rounds*, 749 F.3d at 333.

The evidence shows that after Martinez offered to give Whitney a massage, the law enforcement agent posing as Whitney inquired whether Martinez wanted her clothed. Martinez replied that it would be better if she were naked. Subsequently, in response to queries, Martinez indicated that he would touch, kiss, and lick Whitney's body in a manner explicitly intended to arouse her sexual desire. Given the sexually-charged nature of Martinez's messages to Whitney, we conclude that a rational trier of fact could have found that Martinez knowingly attempted to entice a minor to engage in sexual activity. *See Lundy*, 676 F.3d at 447, 450. We likewise conclude that a rational trier of fact could have found that Martinez contemplated "sexual conduct" that would have constituted a violation of Texas law. *See* TEX. PENAL CODE ANN. §§ 43.25(a)(2), (b), 43.01(3).

The judgment of the district court is AFFIRMED.