# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN OLAND ANDRUS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-78-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

A jury convicted Edwin Oland Andrus of one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).  On appeal, Andrus argues that the district court erred by denying his motion for judgment of acquittal and by denying his motion to dismiss the indictment.

The district court's denial of Andrus's motion for judgment of acquittal is reviewed de novo.  *See United States v. Lewis*, 774 F.3d 837, 841 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40173

2014).  When reviewing a challenge to the sufficiency of the evidence, this court considers "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Imo*, 739 F.3d 226, 235 (5th Cir. 2014) (internal quotation marks, citation, and emphasis omitted).  Section 2422(b) does not require that the defendant actually engage in sexual contact, *see United States v. Barlow*, 568 F.3d 215, 219 n.10 (5th Cir. 2009), and a defendant can violate the statute solely through communications with an adult where the defendant directs his inducements to a child, *United States v. Olvera*, 687 F.3d 645, 647-48 (5th Cir. 2012), or communications with an undercover agent posing as a person with access to a child, *United States v. Caudill*, 709 F.3d 444, 445-46 (5th Cir. 2013).

Andrus argues that § 2422(b) requires the Government to prove that, had the sexual activity occurred, the defendant could be charged with the criminal offense of aggravated sexual assault under Texas law, which in turn requires "sexual contact or sexual penetration of a child."  *See* TEX. PENAL CODE § 22.011.  Andrus contends that his contemplated sexual activity would not have violated § 22.011 because the two women in the photograph sent by the undercover agent were not minors and were above the age of consent. However, the true age of the women depicted in the photograph is irrelevant. *See United States v. Farner*, 241 F.3d 510, 513 (5th Cir. 2001).  This court considers whether the defendant's "scheme, if fully carried out as he 'desired' or 'planned,'" would have violated the relevant state law.  *See id.*  Andrus's messages with the undercover agent repeatedly conveyed his sexual attraction with young girls and his intention to have sex with the agent's daughter, whom he believed to be 14 years old.  Therefore, if Andrus had carried out his plans as he conceived of them, he would have violated § 22.011.  *See Farner*, 241 F.3d at 513.  Because a rational trier of fact could have determined that Andrus

contemplated sexual conduct that would have constituted a violation of Texas law, the district court did not err by denying Andrus's motion for judgment of acquittal. *See Lewis*, 774 F.3d at 841; *Imo*, 739 F.3d at 235

We review de novo the district court's denial of a motion to dismiss an indictment. *United States v. Arrieta*, 862 F.3d 512, 514 (5th Cir. 2017). Andrus contends that his indictment should have been dismissed because § 2422(b) requires the defendant to make or attempt making direct contact with the minor victim, and Andrus made no such attempt because he only communicated with an adult intermediary. That argument is foreclosed by *Caudill*. *See* 709 F.3d at 446 (affirming conviction of defendant who communicated solely with an adult intermediary and "did not seek to have any of his communications with the adult passed on directly to a child"). Andrus urges the court to find that *Caudill* was wrongly decided. The panel perceives no error in *Caudill*'s reasoning, and in any event, we may not overturn a prior panel's decision absent an intervening change in the law or en banc reconsideration. *See, e.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.