# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS ANTHONY TUNCHEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-648-1

Before DENNIS, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Marcus Anthony Tunchez was convicted of attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1)-(2), 1594(a). The district court sentenced him to 151 months of imprisonment followed by 10 years of supervised release. On appeal, he challenges the sufficiency of the evidence supporting his conviction, arguing that the Government failed to prove beyond a reasonable doubt that he intended to commit the predicate offense under § 1591(a) and that he took a "substantial step" toward the commission of that crime. *See United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012). "This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court reviews preserved challenges to the sufficiency of the evidence de novo." *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012) (citation omitted).

Tunchez admits that he showed up as planned at a Whataburger to discuss a prostitution transaction with Officer Jaime Pelfrey, who was working undercover. He maintains, however, that travelling to the meeting place did not constitute a "substantial step" toward the predicate § 1591 offense of sex trafficking of a minor because he did not have a "hint beforehand" that a minor would be involved in the prostitution transaction. Instead, Officer Pelfrey "sprung" the idea on him during the final meeting on the day of his arrest.

Though Tunchez may not have known beforehand that Officer Pelfrey had arranged for a minor (identified in the indictment as Jane Doe) to come to Texas, the record reflects that Tunchez fully considered Jane Doe's age and agreed to continue with the prostitution scheme. When Officer Pelfrey told Tunchez that the undercover officer posing as Jane Doe was 14, he arguably was initially skeptical of her age, but he nonetheless agreed to "post her up," claiming "[t]hey're gonna pay top dollar for her." He then estimated, "you can make 10 Gs [$10,000] off that man." He also warned Officer Pelfrey that "[e]very lick['s] a risk" and explained that because Jane Doe was a minor from another state, "that's sex trafficking." Any argument that Tunchez's conduct constituted no more than "despicable lawful conduct" rather than a substantial step toward the underlying offense of sex trafficking of a minor is belied by the record. *See United States v. Howard*, 766 F.3d 414, 426 (5th Cir. 2014).

Tunchez next argues that there was no evidence that he attempted to entice, recruit, or provide Jane Doe for purposes of engaging in a commercial sex act. Though Tunchez did not speak directly with Jane Doe, he engaged in conduct sufficient to support the district court's finding that he knowingly attempted to "recruit, entice, or provide" Jane Doe for sex trafficking. For instance, he told Officer Pelfrey that he would solicit customers willing to pay

No. 18-40530

for sex acts from his previous "licks" and would arrange "dates" for Jane Doe. He also told Officer Pelfrey that he would "school" Jane Doe on "everything" relating to prostitution—such as calling her pimp and leaving the phone on during the "date" so that the pimp could listen in and "protect" her.

Tunchez relies on § 1591(c) to argue that his "brief opportunity" to observe Jane Doe did not relieve the Government of its burden of proving his knowledge of her age. However, the Government sufficiently proved that Tunchez knew or at least recklessly disregarded Jane Doe's age as required under § 1591(a). When Officer Pelfrey told Tunchez that Jane Doe was 14, he arguably was initially skeptical of her age, but he nonetheless agreed to continue with the prostitution scheme. He even estimated that they could make more money prostituting Jane Doe because of her young age. He also warned Officer Pelfrey that they were taking a risk by prostituting Jane Doe and could be criminally prosecuted for sex trafficking given that she was a minor from out of state.

Finally, Tunchez argues that there was no evidence that he had any "predisposition to prostitute children," which he claims "not only calls into doubt his criminal intent to violate § 1591(a), (b)[,] but also amounts to Government entrapment." Tunchez makes only a passing reference to entrapment as a defense, and he cites no legal authority to support his claim. Because Tunchez has failed to adequately brief his claim of entrapment, he has abandoned it. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.

3