# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2020

Lyle W. Cayce
Clerk

No. 19-51152
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COLE S. CROCKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-106-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Cole S. Crocker was convicted of one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). The district court sentenced him to 240 months of imprisonment and 10 years of supervised release. The district court also imposed a $50,000 fine and a $5,000

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51152

assessment under the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014.

On appeal, Crocker contends that the evidence did not establish a violation of § 2422(b).[1]  He asserts that sexual interest in children and "sex talk" do not meet the requirements of § 2422(b) because such activities are not a crime under Texas law.  He also asserts that there was no evidence to show that he enticed or persuaded a minor to engage in sexual activity.  Our review of Crocker's sufficiency challenges is de novo.  *United States v. Imo*, 739 F.3d 226, 235 (5th Cir. 2014).  Viewing the evidence "in the light most favorable to the verdict," we must determine "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (internal quotation marks and citation omitted).

To begin, a defendant can violate § 2422 through communications with an undercover agent posing as a person with access to a child.  *United States v. Caudill*, 709 F.3d 444, 445-46 (5th Cir. 2013).  That is what happened in this case.  Crocker responded to a Craigslist advertisement in which an undercover agent, special agent Josh Pirtle, posed as a "young uncle" seeking others with "taboo interest."  Crocker's text messages to Agent Pirtle, which were admitted into evidence at trial, conveyed Crocker's

---

[1]  Section 2422(b) provides that

> [w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so*, shall be fined under this title and imprisoned not less than 10 years or for life.

(emphasis added); *see also United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014) (listing the elements the government must prove under § 2422(b)).

2

intention to engage in sexual activity with the "uncle's" niece, described as an eight-year-old girl. Thus, contrary to Crocker's argument, a rational trier of fact could have determined beyond a reasonable doubt that Crocker contemplated sexual conduct that would have constituted a violation of Texas law. *Imo*, 739 F.3d at 235; *see* TEX. PENAL CODE § 22.011.

Crocker also contends that there was no evidence that he took a substantial step in the attempt to violate § 2422(b). For a § 2422(b) violation, the government must "prove beyond a reasonable doubt that [the defendant] intended to persuade, induce, entice, or coerce a person whom he believed to be a minor . . . and took a substantial step toward that persuasion or enticement." *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009) (internal quotation marks and citation omitted). In this context, a "substantial step" means "a substantial step toward persuading [the minor victim] to engage in illegal sexual activity." *United States v. Broussard*, 669 F.3d 537, 548 (5th Cir. 2012). The evidence introduced at trial showed that Crocker went to a hotel to meet Agent Pirtle (the "uncle") and the eight-year-old girl. This evidence is sufficient for a rational trier of fact to determine beyond a reasonable doubt that Crocker took the requisite substantial step. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

Crocker next asserts that the district court erred by allowing Agent Pirtle to testify regarding his opinion of Crocker's mental state, specifically that Crocker intended to have sex with a child. According to Crocker, Agent Pirtle's testimony constituted improper expert testimony as to Crocker's guilt or innocence. Crocker did not raise this objection at trial, so we review for plain error. *United States v. Akins*, 746 F.3d 590, 597 (5th Cir. 2014); *see Puckett v. United States*, 556 U.S. 129, 135 (2009). Agent Pirtle testified as a lay witness and a law enforcement officer about his first-hand observations in this specific case. This is permitted under *United States v. El-Mezain*, 664 F.3d 467, 514 (5th Cir. 2011). Crocker's assertion thus lacks merit.

Turning to his sentence, Crocker challenges the $50,000 fine imposed by the district court. We review the reasonableness of a defendant's sentence, including a fine, for abuse of discretion. *See United States v. McElwee*, 646 F.3d 328, 337-40 & n.8 (5th Cir. 2011). The district court imposed the fine based on Crocker's earning potential. It was Crocker's burden to establish his inability to pay, but Crocker failed to present any evidence that he did not have the future ability to pay the fine. *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002). Accordingly, this issue likewise lacks merit.

Finally, Crocker contends, for the first time on appeal, that the district court erred in finding that he was not indigent for purposes of the JVTA assessment imposed by the district court. We review for plain error. *Puckett*, 556 U.S. at 135. A district court "shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense . . . relating to sexual exploitation and other abuse of children." 18 U.S.C. § 3014(a)(3) (parentheses omitted). District courts may consider future earning capacity in determining non-indigence under § 3014(a)(3), and the obligation to pay continues for 20 years after the release from imprisonment or the entry of judgment, whichever is later. *See United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1360 (2019). Before his conviction, Crocker had been a car salesman earning between $60,000 and $100,000 per year for 11 years. Crocker has not shown that the district court applied an incorrect legal standard, nor has he shown that the finding of non-indigence was clearly or obviously erroneous. *See Puckett*, 556 U.S. at 135.

AFFIRMED.