# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2021

Lyle W. Cayce
Clerk

No. 21-10150
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TZU FAN CHEN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 7:20-CR-31-1

_____

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:[*]

Tzu Fan Chen was convicted of using a means of interstate commerce to attempt to entice a child. He maintains that the district court erred by not *sua sponte* ordering a mistrial when a witness offered testimony that infringed his right against self-incrimination. As he acknowledges, review is for plain

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10150

error only, because of his failure to raise the issue in the district court. *United States v. McCall*, 553 F.3d 821, 826 (5th Cir. 2008). To show plain error, one must establish a clear or obvious error that affects his substantial rights. *Id.* If this showing is made, and if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," then this court may exercise its discretion to correct the error. *Id.* (internal quotation marks and citation omitted).

When considering a claim of plain error arising from not granting a mistrial for erroneous admission of evidence, the ultimate question is "whether the tainted evidence substantially affected the jury's verdict." *Id.* at 827. Three factors are considered: (1) how prejudicial the improperly admitted evidence was, (2) the effectiveness of any curative instruction, and (3) how strong the evidence of guilt was. *Id.* Establishing plain error "is difficult, as it should be." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Chen has not made the requisite showing. The government's case was, as he concedes, substantial, and the disputed evidence pales in comparison to evidence concerning the communications Chen sent to the agent and the actions he took in furtherance of his goal of enticing a child into illegal sexual activity. When the record is considered as a whole, we cannot say that the disputed evidence "substantially affected the jury's verdict." *McCall*, 553 F.3d at 826. Consequently, the plain error standard has not been met. *See id.*; *see also id.* at 825-27.

Finally, Chen avers that the district court erred by not granting his motion for a judgment of acquittal because the evidence did not show that he attempted to entice a real child and by overruling his objection to that part of the jury instructions that did not require the government to prove that he attempted to entice a real child. Those arguments are, as he acknowledges,

No. 21-10150

unavailing under our jurisprudence, which holds that an 18 U.S.C. § 2422(b) conviction can be grounded in communications with an undercover agent posing as a person with access to a child. *See United States v. Caudill*, 709 F.3d 444, 445–46 (5th Cir. 2020); *United States v. Lundy*, 676 F.3d 444, 448–49 (5th Cir. 2012).

AFFIRMED.