**UNITED STATES of America**

v.

**Brian Lee NESTOR, Appellant.**

No. 08–2535.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 9, 2009.

Filed: July 23, 2009.

Karen S. Gerlach, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Robert L. Eberhardt, Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: SLOVITER, AMBRO and JORDAN, Circuit Judges.

OPINION OF THE COURT

JORDAN, Circuit Judge.

Brain Lee Nestor appeals his conviction for attempting to persuade, induce, entice,

or coerce a child to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). He contends that, because he never spoke to a child or to anyone whom he believed was a child, he cannot be convicted under the statute. We conclude that a defendant like Nestor, charged with attempting to lure a child into sex, can violate § 2422(b) without communicating directly with a child or with someone whom he believes is a child, and we therefore will affirm.

## I. Background

Nestor posted an advertisement on Craigslist[1] asking, "anybody into family fun?" Robert Jones, a Greensburg, Pennsylvania police officer trained to investigate on-line sex crimes, understood the import of the ad, recognizing that "family fun" was code for sexual contact with minor children, particularly incestuous contact. Officer Jones suspected the ad was designed to find a parent willing to make a child available for sex, and he responded to the ad using the alias Robert Moltisanti. Over the next five days, Nestor and Jones exchanged over 50 e-mails. Jones also contacted the FBI and began working with agent Timothy Lauster. Agent Lauster then adopted the Moltisanti persona and initiated a series of phone conversations with Nestor. Through the e-mails and phone conversations, Nestor proposed to engage in sexual activity with Moltisanti and Moltisanti's underage stepson and arranged for a meeting at Nestor's home. He also discussed precautions that should be taken to avoid police detection and asked Moltisanti to bring him child pornography.

On the day of the proposed meeting, law enforcement officers arrested Nestor at his home. A grand jury in the Western District of Pennsylvania indicted Nestor and charged him with attempting to knowingly persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and knowingly possessing visual depictions of minors engaged in sexual activity, in violation of 18 U.S.C. § 2252(a)(4)(B). Nestor pled guilty to possession of child pornography but went to trial on the charge of attempted enticement of a minor. At the close of the government's evidence, Nestor moved for a judgment of acquittal, arguing that, because he had never e-mailed or spoken to a child or someone posing as a child, he could not be convicted of attempting to entice a child to engage in sexual activity under § 2422(b). The District Court denied Nestor's motion, and the jury ultimately found Nestor guilty.

Following the guilty verdict, Nestor filed a written motion for judgment of acquittal, reasserting his argument that, because he communicated solely with an intermediary rather than directly with a child or someone posing as a child, he could not be convicted under § 2422(b). The District Court denied Nestor's motion and sentenced him to 120 months for attempted enticement of a child and 46 months for possession of child pornography, with the terms to run concurrently. Nestor filed a timely notice of appeal.

## II. Discussion[2]

■ The issue is whether a defendant who uses an adult intermediary, rather

1. Craigslist is a website that provides "[l]ocal classifieds and forums for 570 cities in 50 countries worldwide—community moderated, and largely free." Craigslist About Factsheet, http://www.craigslist.org/about/factsheet (last visited June 4, 2009).

2. The District Court had jurisdiction over this criminal action pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's final decision under 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation of a federal statute.

than direct contact with a child, to attempt to persuade, induce, entice, or coerce the child to engage in sexual activity can be held to violate 18 U.S.C. § 2422(b). Because, by its terms, the crime at issue is one of attempt, logic and precedent compel us to answer yes.

■ We begin with the language of the statute and the presumption "that the legislature says in a statute what it means and means in a statute what it says...." *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 184, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) (citing *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)). Section 2422(b) of title 18 of the United States Code reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so,* shall be fined under this title and imprisoned not less than 10 years or for life.

(emphasis added). Nestor was not charged with actual enticement but with attempting to persuade, induce, entice, or coerce a child to engage in sexual activity. We have explained that a defendant attempts to commit a crime when he demonstrates his intent to commit the crime and takes a substantial step toward doing so. *United States v. Tykarsky,* 446 F.3d 458,

469 (3d Cir.2006) (citing *United States v. Hsu,* 155 F.3d 189, 202–03 n. 19 (3d Cir. 1998)). Because we look at the defendant's subjective intent, "the lack of an actual minor is not a defense to a charge of attempted persuasion, inducement, enticement, or coercion of a minor in violation of § 2422." *Id.* at 468–69.[3]

In this case, Nestor evinced his intent to violate § 2422(b) in his e-mails and phone conversations. We will not burden readers with the details of Nestor's interactions with Officer Jones and Agent Lauster in their role as stepfather to the young victim Nestor sought, but it is abundantly clear from the record that Nestor was determined to meet and have sex with a child. The question then becomes whether Nestor took a substantial step toward that end, using means of interstate commerce. The answer again is clear. He posted an advertisement on Craigslist seeking sexual contact with children. He interacted repeatedly with a man who responded to his ad and, by e-mail and telephone, discussed having sexual contact with children. He arranged a rendezvous for the sexual encounter and discussed ways to avoid police detection. Individually, each of these actions could constitute a substantial step toward the violation of § 2422(b); when examined together, there is no question that Nestor used means of interstate commerce, namely the internet and telephone services, to take a substantial step towards persuading, inducing, enticing, or coercing a child to engage in sexual activity. Thus, under *Tykarsky,* it is of no moment that

---

*United States v. Soto,* 539 F.3d 191, 194 (3d Cir.2008).

**3.** In *Tykarsky,* the defendant met an undercover agent, posing as a fourteen-year-old girl, in an internet chat room. *Id.* at 461. He told the agent, posing as the girl, that he wanted to have sex with her and set up a meeting at a local hotel. *Id.* at 461–62. The defendant

was arrested upon arriving at the hotel and ultimately convicted under 18 U.S.C. § 2422(b). *Id.* at 462–63. On appeal, we rejected the defendant's argument that he could not have violated § 2422(b) because there was not an actual minor involved, and we affirmed his conviction. *Id.* at 468–69, 483.

Nestor never dealt directly with his intended child victim. 446 F.3d 458, 468–69 ("[W]e hold that the lack of an actual minor is not a defense to a charge of attempted persuasion, inducement, enticement or coercion of a minor in violation of § 2422(b).")

In support of his argument that he cannot be convicted because he had no direct contact with a child or someone posing as a child, Nestor contends that the terms "persuade," "induce," "entice," and "coerce" all contemplate direct communication between the actor and the person being acted upon. Even if we were to accept that limitation on the terms in § 2422(b), and it is by no means clear we would,[4] Nestor would still be guilty because, again, he was convicted of a crime of attempt. He took substantial steps calculated to put him into direct contact with a child so that he could carry out his clear intent to persuade, induce, entice, or coerce the child to engage in sexual activity. Thus, though he never communicated directly with a child, he took substantial steps that he believed would allow him to do so, and he is therefore guilty of an attempt under § 2422(b).

While not necessary to our analysis, we note that the legislative history of the statute, policy considerations, and common sense support our reading of § 2422(b). Subsection (b) was originally added to § 2422 by the Telecommunications Act of 1996. Pub.L. No. 104–104, § 508, 110 Stat. 56 (1996). Two years later, that subsection was amended as part of the Child Protection and Sexual Predator Punishment Act of 1998, a bill that was described as "a comprehensive response to the horrifying menace of sex crimes against children, particularly assaults facilitated by computers." H.R.Rep. No. 105–557, at 10 (1998). That statute sought to address computer-related crimes against children "by providing law enforcement with the tools it needs to investigate and bring to justice those individuals who prey on our nation's children." *Id.* The amendment to § 2422(b) was thus part of an overall policy to aggressively combat computer-related sex crimes against children. It would be wholly inconsistent with the purpose and policy of the statute to allow sexual predators to use adult intermediaries to shield themselves from prosecution.

In addition, it is a matter of common sense to recognize that there are children too young to use computers or understand how to communicate over the internet but who are nevertheless targeted by pedophiles. Because a sexual predator like Nestor cannot reach those victims directly, he will of necessity go through older intermediaries, and those intermediaries will often be, as in this case, adults. To accept Nestor's reasoning and say that contact through an adult intermediary rather than directly with a child means there has been no crime would be to place beyond the reach of § 2422(b) those who prey on the particularly young. Hindering law enforcement efforts to protect an especially vulnerable class of children is, given the language and history of the statute, an obviously illogical result.

### III. Conclusion

Because Nestor violated 18 U.S.C. § 2422(b) by using an adult intermediary

---

4. The term "persuade," for example, means "(1) to move by argument, entreaty, or expostulation to a belief, position, or course of action; (2) to plead with." Merriam–Webster's Collegiate Dictionary 865 (10th ed.1993). It is not at all evident that persuasion, so defined, requires direct communication. Businesses and individuals regularly seek to persuade others through advertising intermediaries and negotiating agents. Sexual predators can and do—as this case shows—attempt to persuade children to engage in sexual activity through the victim's parents or guardians.

to attempt to persuade, entice, induce, or coerce a child to engage in sexual activity, we will affirm the judgment of the District Court.