**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4018
_____

UNITED STATES OF AMERICA,

v.

BRENT S. GALLETTA,
                    Appellant
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 5:14-cr-00603-001)
District Judge:  Hon. Edward G. Smith
_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 3, 2016

Before:  CHAGARES, HARDIMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:  November 10, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

In September 2015, a jury found Brent Galletta ("Galletta") guilty of one count of enticement, in violation of 18 U.S.C. § 2422(b); one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He raises two issues on appeal: (1) whether the evidence was sufficient to support the enticement conviction; and (2) whether the trial court erred by admitting Federal Rule of Evidence 404(b) evidence. For the reasons that follow, we will affirm.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. In July 2014, Galletta posted the following advertisement on Craigslist:

> I'm looking for another pervy dad to hang out with. One who is pervy and likes taboo stuff. I want to hang out and talk at the mall or pool. Better yet if you have a pool. I am 34, good looking and I know that there are other dads who are pervy like me.

Appendix ("App.") 114. Special Agent Justin M. Leri ("Agent Leri"), working undercover for the Pennsylvania Attorney General's Office, responded to Galletta's advertisement. Thereafter, he and Galletta communicated via Craigslist messages, text messages, and emails. Over the course of their communication, Galletta explained that he "love[d] younger girls," and Agent Leri told him that he had a 6-year-old son and a 7-year-old daughter. App. 124-25. Galletta asked for pictures of them and asked Agent Leri when they would be "free to hang out." App. 132. Agent Leri asked Galletta what

2

he would do to with Agent Leri's daughter if they met. Galletta responded, "Hopefully touching, kiss[ing] and tickling and peeking up skirt. Oh, I love feet too smiley face." App. 133. Galletta added, "I want to go down on her and taste her sweet pussy. That is what I want, but only if you are okay with it." App. 134. He added, "I want to enjoy her body, her lips, her [feet] . . . her laugh, her everything." App. 135. Galletta and Agent Leri arranged a time and place for Galletta to meet Agent Leri and his children. When Galletta arrived as planned, he was arrested.

At trial, Galletta objected to several pieces of evidence offered by the Government on the ground that the evidence was being offered as improper propensity evidence in violation of Rule 404(b). This evidence included a prior conviction, photographs found on Galletta's phone of girls in bathing suits or underwear, other email communications regarding explicit acts with children, a surreptitiously recorded video of a female lifeguard, and another surreptitiously recorded video of young girls trying on shoes at a store. The District Court concluded that the evidence was admissible and gave limiting instructions as to each piece of evidence. Galletta was convicted on all counts. He timely appealed.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

The standard for challenging the sufficiency of the evidence is "highly deferential, and we will overturn a verdict only 'if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.'"

United States v. Caraballo-Rodriguez, 726 F.3d 418, 430-31 (3d Cir. 2013) (quoting

United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987)). "We review the District

Court's decision to admit evidence under Rule 404(b) for an abuse of discretion, which

'may be reversed only when "clearly contrary to reason and not justified by the

evidence".'" United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001) (quoting United

States v. Balter, 91 F.3d 427, 436 (3d Cir. 1996)).

III.

A.

Galletta first argues that the evidence was insufficient to support the enticement

conviction. Section 2422(b) of Title 18 of the United States Code provides:

> Whoever, using the mail or any facility or means of interstate or foreign
> commerce, or within the special maritime and territorial jurisdiction of the United
> States knowingly persuades, induces, entices, or coerces any individual who has
> not attained the age of 18 years, to engage in prostitution or any sexual activity for
> which any person can be charged with a criminal offense, or attempts to do so,
> shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). We have held that "a defendant attempts to commit a crime when he

demonstrates his intent to commit the crime and takes a substantial step toward doing

so." United States v. Nestor, 574 F.3d 159, 161 (3d Cir. 2009).

Galletta argues that the evidence was insufficient to support an enticement

conviction because he contends that violation of 18 U.S.C. § 2422(b) requires an attempt

to persuade a minor to have sex, "not merely an attempt to have sex." Galletta Br. 9.

Accordingly, he asserts that "the requisite intent under § 2422(b) is not an intent to have

sex with a minor, but rather an intent to 'criminal[ly] persua[de]' the minor to have

4

sex. . . . Simple interest in prepubescent sex should not be sufficient to establish an intent to persuade or entice." Id. at 10 (bracketed alterations in original). In short, Galletta argues that even if the evidence showed that he wanted to engage in sexual activity with a minor, it did not show that he attempted to persuade, induce, entice, or coerce a minor to have sex with him.

In Nestor, this Court confronted facts very similar to the ones present here. There, the defendant, Nestor, posted an advertisement on Craigslist looking for anyone interested in "family fun." Nestor, 574 F.3d at 160. As with Galletta, an undercover police officer (posing as a father) responded to Nestor's advertisement. Like Galletta, Nestor was looking for someone to provide him with a child with whom he might be able to engage in sexual activity. The officer and Nestor arranged a time and place for Nestor to meet so that Nestor could engage in sexual activity with the undercover officer and his fictitious underage stepson. Nestor was arrested on the day of the proposed meeting and was charged with, inter alia, enticement in violation of 18 U.S.C. § 2422(b). He went to trial on the enticement charge, was found guilty in a jury trial, and appealed, arguing that "because he communicated solely with an intermediary rather than directly with a child or someone posing as a child, he could not be convicted under § 2422(b)." Nestor, 574 F.3d at 160. In Nestor, we affirmed Nestor's conviction holding that a "defendant who uses an adult intermediary, rather than direct contact with a child, to attempt to persuade, induce, entice, or coerce the child to engage in sexual activity can be held to violate 18 U.S.C. § 2422(b)." 574 F.3d at 160-61. We concluded that Nestor's communications demonstrated his intent to "meet and have sex with a child" in violation of § 2422(b) and

5

that by posting on Craigslist, interacting with the officer, "arrang[ing] a rendezvous for the sexual encounter and discuss[ing] ways to avoid police detection," id. at 161, he "took substantial steps calculated to put him into direct contact with a child so that he could carry out his clear intent to persuade, induce, entice, or coerce a child to engage in sexual activity," id. at 162.

Our Nestor decision governs this case, and, as in Nestor, "there is no question that [Galletta] used means of interstate commerce, namely the internet and telephone services, to take a substantial step towards persuading, inducing, enticing, or coercing a child to engage in sexual activity." Id. at 161. Galletta posted an advertisement on Craigslist, corresponded with Agent Leri, arranged a time to meet Agent Leri and his children, and described the sexual activity he intended to engage in with the 7-year-old girl. Because a reasonable juror could accept this evidence as sufficient to support Galletta's guilt beyond a reasonable doubt, we will affirm the conviction for enticement.[1]

To the extent that Galletta argues that he only attempted to have non-coercive sex with the young girl and, thus, did not violate § 2422(b), his argument is unavailing. Concluding that such an attempt does not violate §2422(b) would be counter to the purpose of the statute to "investigate and bring to justice those individuals who prey on our nation's children." Nestor, 574 F.3d at 162 (quoting H.R. Rep. No. 105-557, at 10 (1998)). Furthermore, it is inconceivable that a 7-year-old girl would engage in sexual

---

[1] Galletta primarily relies on opinions from the Courts of Appeals for the District of Columbia, Sixth, and Eleventh Circuits. These cases do not control here, but we note that they are not inapposite to our conclusion.

6

activity with a 34-year-old stranger without being persuaded, induced, enticed, or coerced into doing so.

B.

Galletta next argues that the District Court improperly admitted propensity evidence in violation of Rule 404(b). In general, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If a prosecutor intends to use evidence for such a purpose, she must, on request of the defendant, "(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Id. We have noted that

> [t]here are four distinct steps that must be satisfied before prior bad act evidence may be introduced at trial: (1) it must be offered for a proper non-propensity purpose that is at issue in the case; (2) it must be relevant to that purpose; (3) its probative value must not be outweighed by the danger of unfair prejudice under Rule 403; and (4) it must be accompanied by a limiting instruction, if one is requested.

United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014).

Galletta challenges admission of the following evidence: (1) a prior conviction (two counts) for corruption of a minor, (2) photographs of young girls in bathing suits or underwear, (3) email conversations between Galletta and other

7

men in which Galletta expressed his interest in young girls and described what he had done or wanted to do with young children, (4) a surreptitiously recorded video of a lifeguard in which Galletta inquired about when children would be at the pool, and (5) a surreptitiously recorded video of children trying on shoes at a shoe store.

The four steps set forth in <u>Brown</u> were satisfied in this case. First, the evidence[2] was offered for a non-propensity purpose, namely to demonstrate Galleta's intent to have sexual activity with a minor. App. 32-35. It was also offered to rebut the anticipated defense that Galletta was not interested in engaging in sexual activity with children but rather was only interested in having sexual conversations with men. Second, the evidence was relevant to establishing his intent.

Third, the probative weight of the evidence is not substantially outweighed by a danger of unfair prejudice. A district court judge has "broad discretion" and "[w]hen a court engages in a Rule 403 balancing and articulates on the record a rational explanation, we will rarely disturb its ruling." <u>United States v. Sampson</u>, 980 F.2d 883, 889 (3d Cir. 1992). The District Court articulated a rational explanation in this case, and we will not disturb its ruling. The District Court explained that that there was "no question in [its] mind that it does go to motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident, the very purpose under 404(b) why it is admissible," App. 50:2-5, and added that it could not "overstate how powerful this 404(b) evidence is in buttressing the [G]overnment's case," App. 50:12-13. Although the

---

[2] In the discussion that follows, we refer to the five categories of contested evidence collectively, although our analysis applies to each category individually.

8

District Court expressed some concern over the prejudicial impact of the evidence, it concluded that "under the law the [G]overnment has the right to introduce this evidence subject to [its] responsibility to make sure the jury understands how it's allowed to consider that evidence." App. 50:14-17. We do not see any error in the District Court's Rule 403 analysis. Although the evidence was undoubtedly prejudicial, its probative value was not substantially outweighed by the danger of unfair prejudice. The Government was required to show that Galletta intended to engage in sexual activity with a minor, and the contested evidence is highly probative of his interest in young children, his desire to engage in sexual activity with them, and his intent to do so in this case. The evidence was even more probative in light of Galletta's anticipated defense that he was not interested in engaging in sexual activity with minors but rather that he was only interested in having sexual conversations with adult men. See United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996) (finding evidence to be "strongly probative because it counters two central arguments advanced by [the defendant]"). As to prejudice, we first note that "when evidence is highly probative, even a large risk of unfair prejudice may be tolerable." United States v. Cross, 308 F.3d 308, 323 (3d Cir. 2002). Furthermore, even though the contested evidence here may have been prejudicial, the risk of unfair prejudice was lessened by the fact that the contested evidence was similar in character to the uncontested admitted evidence. See United States v. Sebolt, 460 F.3d 910, 917 (7th Cir. 2006) ("[T]he molestations and the evidence supporting the statutory criminal elements were similar in character, i.e., establishing [the defendant's] sexually deviant mental state, so there is no reason to suspect the jury was inflamed by the admission of the

9

molestations."). The risk of unfair prejudice was also minimized by the District Court's careful limiting instructions. See United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010) ("Meanwhile, the risk of unfair prejudice was low. The District Court specifically instructed the jury that Vosburgh was not on trial for possessing the Loli-chan pictures, and that those pictures were not illegal. This limiting instruction minimized any risk of unfair prejudice."). In light of these facts, the District Court did not abuse its discretion in concluding that the evidence satisfied the Rule 403 balancing test.

Fourth and finally, as noted above, the District Court diligently gave adequate limiting instructions as to each piece of the contested evidence admitted at trial. Because the District Court's decision as to each piece of evidence was not clearly contrary to reason and was supported by the evidence, we conclude that it did not abuse its discretion.

IV.

For the foregoing reasons, the judgment of the District Court will be affirmed.