**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2403

_____

UNITED STATES OF AMERICA

v.

BRENT S. GALLETTA,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:14-cr-00603-001)
U.S. District Judge:  Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2025
_____

Before: SHWARTZ, FREEMAN, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 9, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Brent Galletta appeals the order denying his 28 U.S.C. § 2255 motion asserting he was denied effective assistance of counsel because his counsel did not file a suppression motion. Because the motion would have failed, his counsel was not ineffective for not filing it and so we will affirm.

I

A[1]

Galletta posted an online ad entitled "Pervy Dads—m4m—34(Mall)," seeking fathers who are "pervy and like[] taboo stuff," and an undercover agent posing as a father of a young son and daughter responded. App. 293-94. Through electronic messages with the agent, Galletta (1) expressed sexual interest in the agent's "children" and told the agent he was into "younger girls," including the child of a former paramour, (2) "asked for a picture of [the undercover agent] and [the] two children," and (3) sent a picture of himself. App. 294-95. After the agent and Galletta made plans to meet and Galletta described the sexual activity he wanted to engage in with the "daughter," App. 295, the agent asked Galletta, "u planning on take [sic] any pics? My only rule is I don't want them all over the internet," and Galletta responded, "sure and ok." App. 295. Galletta asked the agent to confirm that no one else would be home and "if he should bring a laptop computer." App. 295. When the agent asked Galletta if he wanted "[the daughter] in anything," Galletta said she should wear a "bikini." App. 295.

---

[1] We recite the facts as set forth in the affidavit submitted in support of the search warrant.

Galletta was arrested when he arrived for the meeting. Galletta told law enforcement that he had previously been arrested "for the same thing," and a criminal history search confirmed two charges for corruption of a minor. App. 295. He also acknowledged he used a cellular device to communicate, and an officer saw a cell phone in Galletta's car.

Law enforcement obtained a warrant to search Galletta's car for "computer hardware" including "[a]ny mobile devices such as cellular phones," which might contain child pornography or other evidence relating to its possession and dissemination. App. 291-92. The affidavit filed in support of the warrant described the electronic communications Galletta had with the agent and his post-arrest statements. The search of the phone revealed the messages between Galletta and the undercover agent, child pornography and "child erotica" images, Suppl. App. 125, as well as surreptitiously recorded videos of children with suggestive content.

## B

Galletta was indicted for (1) enticement of a minor in violation of 18 U.S.C. § 2422(b); (2) transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1); and (3) possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Galletta's trial counsel did not challenge the search warrant, despite Galleta "begg[ing] him" to do so. Suppl. App. 455. At trial, the jury was shown, among other things, child pornography and other images found on Galletta's phone. A jury found him guilty of all charges and he was sentenced to 600 months' imprisonment with lifetime supervised release.

3

After unsuccessfully challenging his conviction on direct appeal, United States v. Galletta, 662 F. App'x 190, 191 (3d Cir. 2016) (not precedential), Galletta filed a § 2255 motion attacking his conviction on several grounds. Relevant here, Galletta argued that his trial counsel was ineffective because competent counsel would have moved to suppress the evidence found on his phone because the warrant to search for child pornography lacked probable cause and the good faith exception did not apply. He asserts that, had his counsel filed this motion, the fruits of this search would have been suppressed and he would not have been convicted.

The District Court denied Galletta's motion, concluding that any suppression motion would have failed because the search warrant was supported by probable cause and, even if it had not been, the good faith exception applied, and thus counsel was not ineffective for not filing the motion. United States v. Galletta, No. 14-cr-603, 2023 WL 4565477, at *72, *75-76 (E.D. Pa. July 17, 2023).

Galletta appealed, and we issued a certificate of appealability.[2]

## II[3]

To prove ineffective assistance of counsel, a defendant must show that (1) "counsel's performance was deficient," and (2) the defendant suffered prejudice

---

[2] Although Galletta filed a notice of appeal of the entire order denying him § 2255 relief, we granted a certificate of appealability on only "whether trial counsel [was] ineffective for failing to file a motion to suppress the evidence of child pornography seized from the mobile phone." Order at 1, United States v. Galletta, No. 23-2403, (3d Cir. Feb. 28, 2024), ECF No. 11.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), and 2255(d). When reviewing an

4

because of the deficiency.[4] <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984). We need not address the first prong of <u>Strickland</u>'s conjunctive test because Galletta's argument fails on the second. As explained herein, he suffered no prejudice because, even if probable cause were lacking, the suppression motion would have been denied under the good faith exception to the exclusionary rule.

The good faith exception precludes suppressing evidence "where officers act in 'good faith' or 'objectively reasonable reliance' on a search warrant later held to be defective." <u>United States v. Caesar</u>, 2 F.4th 160, 169 (3d Cir. 2021) (quoting <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984)). The existence of "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search," <u>United States v. Zimmerman</u>, 277 F.3d 426, 436 (3d Cir. 2002) (internal quotation marks omitted), and typically "will obviate the need for any deep inquiry into [the] reasonableness of the officer's reliance on the warrant," <u>Caesar</u>, 2 F.4th at 170 (alteration in original) (internal quotation marks omitted). The good faith exception does not apply, however, when the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." <u>United States v. Loy</u>, 191 F.3d 360, 367 (3d Cir. 1999) (quoting <u>Leon</u>, 468 U.S. at 923).

order denying a § 2255 motion, we review legal conclusions de novo and factual findings for clear error. <u>Ellison v. United States</u>, 120 F.4th 338, 343 n.5 (3d Cir. 2024), <u>cert. denied</u>, No. 24-1032, 2025 WL 1211802 (U.S. Apr. 28, 2025). Our review of the District Court's conclusion that the good faith exception applies is plenary. <u>See</u> <u>United States v. Williams</u>, 3 F.3d 69, 71 n.2 (3d Cir. 1993).

[4] A defendant shows prejudice by demonstrating a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

The District Court correctly concluded that the good faith exception applies. The affidavit contained facts supporting an inference that Galletta intended to sexually abuse and take pornographic photographs of the agent's "daughter," and that he might have child pornography on his cellular device. Among other things, Galletta told the agent that he had a sexual interest in children and even left the bedroom he shared with his former paramour to watch her young daughter sleep, asked for photographs of the agent's "children," indicated that he intended to take photographs of the "daughter," who he requested wear a bikini, confirmed that no one else would be home during the meeting with the agent and his "daughter," and acknowledged using his cell phone, which officers saw in his car. Further, both the affiant and the undercover agent had knowledge and training in "the possession, receipt, and transmission of child pornography." App. 293; see Caesar, 2 F.4th at 177-78 (applying the good faith exception where an officer "clearly attempted to support his belief in the molestation-pornography nexus by reciting his lengthy experience conducting criminal investigations and the extensive list of investigative training courses he had completed") Because the affidavit "set forth several facts tending to show" Galletta had an interest in taking photographs of the agent's "daughter" with whom he expressed an interest in engaging in sexual acts, it is reasonable to infer that he may possess other images of child pornography on his cell phone and thus, law enforcement's reliance on the search warrant was in good faith.[5] See

---

[5] Galletta relies on (1) Virgin Islands v. John, where we concluded that an officer did not rely on a search warrant in good faith where the accompanying affidavit alleged that an individual molested minors at school, 654 F.3d 412, 422 (3d Cir. 2011); and (2)

Caesar, 2 F.4th at 166, 174, 178 (holding good faith exception applied where affiant stated that defendant's statements revealed his sexual interest in children and photographs of children in undergarments and, based on the officer's experience, sexual abusers "routinely and commonly" possess child pornography).

Because the motion to suppress would have failed, counsel's decision not to file such a motion did not prejudice Galletta.  Therefore, the District Court did not err in denying Galletta's § 2255 motion.

III

For the foregoing reasons, we will affirm.

---

United States v. Hodson, where the Court of Appeals for the Sixth Circuit held that an officer unreasonably relied on a warrant to search an individual's home for child pornography where the probable cause affidavit featured the defendant's online communications evidencing child molestation, 543 F.3d 286, 289, 293 (6th Cir. 2008). However, the affidavits in those cases contained allegations related solely to child molestation and did not provide reason to believe the defendant possessed child pornography.  See John, 654 F.3d at 419 (holding that the affiant failed to allege a "connection" between the defendant's child molestation and possession of child pornography); Hodson, 543 F.3d at 293-94 (holding that it was "unreasonable" to infer without supporting evidence a child molester is likely to possess child pornography). Here, the probable cause affidavit's allegations demonstrated Galletta's interest in sexual images of children.