IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-30138
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HARRIS ROBERTSON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-108-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Harris Robertson was arrested after he agreed to smuggle various contraband items, including a quantity of cocaine base, into the Tangipahoa Parish Jail. Robertson pleaded guilty to possession with intent to distribute five grams or more of cocaine base, a violation of 21 U.S.C. § 841. He was sentenced to 51 months of imprisonment, which was within the applicable guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The abuse-of-discretion standard of review applies to appellate review of sentencing decisions. Gall v. United States, 128 S. Ct. 586, 594 (2007). A sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir.2006); see also Gall, 128 S. Ct. at 594.

On appeal, Robertson argues that his sentence was unreasonable because the district court failed to take into account the Government's role in selecting cocaine base as the drug to be smuggled, which he argues constituted sentencing entrapment. We have not yet determined whether sentencing entrapment, or the related concept of sentencing factor manipulation, is a cognizable defense to a sentence. However, even if we were to do so, Robertson has not shown that he was persuaded to commit a criminal offense greater than he was predisposed to commit, or that the Government's conduct was outrageous. See United States v. Washington, 44 F.3d 1271, 1280 (5th Cir. 1995).

Robertson does not contend that his sentence is otherwise procedurally or substantively unreasonable. See Gall, 128 S. Ct. at 596-97. He likewise has not rebutted the presumption that his sentence, which falls within a properly calculated sentencing guidelines range, is reasonable. See Alonzo, 435 F.3d at 554.

AFFIRMED.