# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50655

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE JOHNEL WHITE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-313

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:*

Clarence Johnel White was convicted by a jury of violating 18 U.S.C. § 2422(b) ("Coercion and enticement"), for the use of a cell phone and the Internet to attempt to persuade, induce, and entice a minor to engage in sexual activity for which he could be prosecuted under TEXAS PENAL CODE § 43.25. White appeals his conviction on three grounds. First, he argues that there was insufficient evidence to prove that he attempted to persuade, induce, or entice an individual because the individual was eager and willing. Second, White

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50655

argues that the Texas statute in question, "Sexual Performance by a Child," is inapplicable because there is no evidence showing that he attempted to persuade anyone to create a performance as set forth in the Texas statute. And third, for the first time on appeal, White argues that his indictment was constructively amended. Having reviewed the briefs and the record, we AFFIRM.

## BACKGROUND

At White's trial, Agent Cody Allen of the Texas State Police testified that he was the lead agent in an undercover operation called "Operation Sandman." As part of the investigation, an advertisement was posted on the Craigslist website under "Casual Encounters" for the category of "women seeking men." The advertisement asked in bold print, "Isnt there anyone willing to party?" The text of the advertisement stated that the individual was "bored and alone ready to have a good time." Additionally, it read, "if you don't mind that im younger then lets have a good time!!" White responded to the advertisement, sending a phone number and suggested texting. Agent Allen testified that a response was sent to White using the name "Becca."

During the text conversation, White informed Becca that he was 32 years old and asked her age. Becca told White that she would soon be 14 years old and asked if that was too young. White responded, "a little u have a pic." Agent Allen then sent White an age regressed photograph of an undercover police officer. After White received the photograph, he sent a text message to Becca that read, "got it sexy."

White asked Becca what she was looking for, and Becca responded that she did not know and that she had recently moved to the area from Austin. White asked if Becca was looking for sex. Becca responded, "lol i guess. i don't have a boyfriend." The conversation continued and White requested a picture

of Becca's body.  Becca told White that her mother worked nights and that she would be in the apartment by herself until 5:00 a.m.  He asked for the first time if Becca was a cop.  When White finally stated that he wanted to meet Becca to see if she was real, the agents set up a time and place for them to meet.

Becca instructed White to meet her in the parking lot of Office Depot and to bring condoms and something to drink.  While White was traveling to the meeting place, he again asked Becca whether she was a cop.  White arrived at the prearranged location and texted Becca, asking for her apartment number.  Agent Allen observed White walking around in the parking lot looking at the apartments and his cell phone.  When Becca would not give an apartment number, White texted that the situation felt like a trap, asked for a third time whether she was a cop, and stated that he was not coming for sex.  Soon thereafter, White was arrested.  During an interview after his arrest, White admitted to exchanging text messages with Becca.  He also admitted to having condoms in his vehicle, but stated that he had purchased them earlier that day for his wife.  White also informed Agent Allen that he was trying to rescue a girl by responding to the advertisement to gather information to tell her mother.

White's telephone calls were recorded while he was in police custody.  Among other things, White stated that he had flagged down the police officers though he had not.  He also stated that he had twice indicated that he did not want to have sex.

Testifying at trial, White admitted to viewing the advertisement on Craigslist in the "Casual Encounters" section.  He stated that he responded to the advertisement because he was interested in meeting someone for sex.  He stated multiple times that he was communicating with this person specifically

for the purpose of sex.  White acknowledged requesting and receiving photos. He also admitted to downplaying his age by informing the individual that he was 32 years old when he was actually 37.  White explained that he lied about his age because he "figured if it was somebody younger, maybe they might not be interested in somebody older."  He testified that he believed that Becca was around 19 or 20 years of age when he received the photographs and that he thought Becca was role playing when she indicated that she was 13.

When asked why he asked whether Becca was a cop and made statements that the situation felt like a trap, he said that he was "kind of suspicious that maybe this might be some kind of, like, trick, prostitution, or something like that."  Despite his earlier statements that his purpose in responding to the advertisement was sex, White stated that he sent the text message indicating that he was not coming for sex because he intended to get dinner and return to his house.  White admitted that his post-arrest statements that he was trying to rescue a girl were inconsistent with his testimony, but said that he made the post-arrest statements because he was "basically in shock, embarrassed, and scared."

The jury found White guilty of "Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity."  He was sentenced to 135 months in prison, to be followed by 10 years of supervised release.  White timely appealed.

## DISCUSSION

White raises three issues on appeal:  (1) there was insufficient evidence to prove that he attempted to persuade, induce, or entice an individual because the individual was eager and willing; (2) there was insufficient evidence to prove that he attempted to persuade anyone to create a "performance" as set forth in the Texas statute; and (3) his indictment was constructively amended.

No. 14-50655

**Sufficiency of the evidence claims (White's issues 1 and 2)**

In reviewing the sufficiency of the evidence, we view "all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). To support a conviction under 18 U.S.C. § 2422(b), the Government must prove that "(1) [White] used a facility of interstate commerce to commit the offense; (2) he was aware that [Becca] was younger than eighteen; (3) by engaging in sexual activity with [Becca], he could have been charged with a criminal offense under Texas law; and (4) he knowingly persuaded, induced, enticed, or coerced [Becca] to engage in criminal sexual activity." *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014). White was charged with and convicted of § 2422(b)'s attempt offense, pursuant to which the Government must establish "that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense" and "that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime." *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001).

"Whether there was inducement, persuasion, or enticement is a question of fact for the jury to decide. All this court must decide is whether or not enough evidence was presented for a reasonable jury to come to the conclusion that there was some form of inducement." *United States v. Lundy*, 676 F.3d 444, 450 (5th Cir. 2012). "Evidence can establish that a defendant intended to induce, persuade, entice, or coerce a minor by sending the minor sexually explicit messages." *Rounds*, 749 F.3d at 333. The evidence showed that White responded to a Craigslist advertisement posted by law enforcement agents and communicated with agents posing as a 13-year-old girl named Becca. After

5

learning Becca's age and viewing an age regressed photograph of an undercover officer, White referred to Becca as sexy and suggested sex more than once during the text conversation.  He suggested meeting with Becca.  White appeared at the arranged location and brought condoms with him.  At trial, White admitted responding to the advertisement because he was interested in meeting someone for sex.  Given this evidence, we conclude that a rational trier of fact could have found that White knowingly attempted to entice a minor to engage in sexual activity.  *See Lundy*, 676 F.3d at 447-50.

Regarding White's challenge to the sufficiency of proof of the Texas law violation, proof of performance is not required.  *See Dornbusch v. State*, 156 S.W.3d 859, 870-71 (Tex. App. 2005).  An offender may be guilty of violating Texas Penal Code § 43.25 if the offender's conduct amounts to the "inducement of a child's sexual conduct regardless of whether it amounts to a sexual performance." *Id.* at 870.  We conclude that a rational trier of fact could have found that White contemplated "sexual conduct" that would have constituted a violation of Texas law.   *See* TEX. PENAL CODE ANN. §§ 43.25(a)(2), (b), 43.01(3), (4).

**Constructive amendment claim (White's issue 3)**

For the first time on appeal, White argues that his indictment was constructively amended.  Specifically, he asserts that the evidence at trial was used to show that he violated the Texas statute criminalizing indecency with a child, as proscribed by TEXAS PENAL CODE § 21.11.  Because White did not present this issue to the trial court, we review for plain error. *See United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001).

White does not allege that the trial court instructed the jury that he could be convicted if the jury found that he violated TEXAS PENAL CODE § 21.11.  White's argument is based on his assertion that the evidence did not establish

performance as contemplated by TEXAS PENAL CODE § 43.25. As discussed above, that argument is without merit. *See Dornbusch*, 156 S.W.3d at 870. Because he does not dispute that the evidence showed he attempted to induce a child to engage in sexual conduct, White fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.